**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LOIS WYCOFF and LAWRENCE
WYCOFF, her husband,

                Plaintiffs,

vs.                                           Case No. 3:10-cv-1035-J-32MCR

UNITED STATES OF AMERICA,
d/b/a The Smithsonian Institution,

                Defendant.

_____

**ORDER**

      The question in this Federal Tort Claims Act case is whether the letter Plaintiffs Lois

and Lawrence Wycoff received from the Government notifying them of the Government's

position on their claim sufficiently put them on notice that the letter was a final denial of their

claim, thereby triggering the six month statute of limitations to file their action in federal court.

    **I.**      **Background**

      According to the Complaint (Doc.1), Plaintiff Lois Wycoff was injured on November

11, 2006, when she fell in the Smithsonian Institution Gift Shop located in the Newark, New

Jersey Airport.  Doc. 1 at ¶ 5.  After her injury, the Wycoffs served a "Claim for Damage,

Injury or Death" form on Defendant, United States of America.  Id. at ¶ 6.  The Government

initially denied the Wycoffs' claim on July 13, 2008.  On January 7, 2009, the Wycoffs filed

a timely written request to the Government for reconsideration.  Id. at ¶¶ 7-8.  Over a year

later, on April 5, 2010, the Government sent a letter to the Wycoffs' attorney by certified mail

informing the Wycoffs of the Government's reconsideration of their claim and subsequent approval of the claim for a certain amount.  (Defendant's motion to dismiss, Doc. 10 at 3). The Wycoffs did not accept the Government's proposed settlement, but filed this action.  The Government filed a motion to dismiss, arguing that this action is time-barred.  The Wycoffs have since filed a response in opposition (Doc. 15) and the Court has held a hearing on the motion, the record of which is incorporated by reference.[1]

## II.    __Discussion__[2]

The Government maintains that the Court lacks subject matter jurisdiction to hear the Wycoff's claims because the claims are time-barred.  On April 5, 2010, the Government mailed a certified letter to the Wycoffs' then-attorney in response to the Wycoffs' request for reconsideration of the initial denial of the Wycoffs' claim.  Seven months after receiving the Government's letter, on November 10, 2010, the Wycoffs filed this action.  The Government argues that the April 5, 2010 letter was a notification of a final decision on the request for reconsideration, and the Wycoffs' seven month delay in filing suit forecloses the Wycoffs' right to sue under the FTCA § 2401(b).  In response the Wycoffs argue that the Government's letter did not state with sufficient clarity that it was a notice of final denial of their claim, and therefore the letter did not trigger the commencement of the limitations

---

[1]    Also before the Court are post-hearing supplemental briefs provided by both parties. See Docs. 23, 26.

[2]    The parties agree that this factual challenge to the Court's subject matter jurisdiction permits the Court to look beyond the four corners of the Complaint.  See Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (holding that with a factual challenge, a court is not required to assume the plaintiff's allegations are true and "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." (citation omitted)).

period.

The FTCA, § 2401(b), provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or <u>unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.</u>

28 U.S.C. § 2401(b) (2006) (emphasis added).  The procedure for notifying claimants of the final denial of their claim is set forth in 28 C.F.R. § 14.9:

> (a) Final denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail.  <u>The notification of final denial may include a statement of the reasons for the denial and shall include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notification</u>.
>
> (b) Prior to the commencement of suit and prior to the expiration of the 6-month period provided in 28 U.S.C. 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request with the agency for reconsideration of a final denial of a claim under paragraph (a) of this section.  Upon the timely filing of a request for reconsideration the agency shall have 6 months from the date of filing in which to make a final disposition of the claim and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of a request for reconsideration.  <u>Final agency action on a request for reconsideration shall be effected in accordance with the provisions of paragraph (a) of this section.</u>

28 C.F.R. § 14.9 (2011) (emphasis added).

To trigger the six-month limitations period, a notice of final denial of a claim must comply with the requirements of § 14.9.  See <u>Dyniewicz v. United States</u>, 742 F.2d 484, 485-486 (9th Cir. 1984).  The Eleventh Circuit has yet to address this issue so the parties have

looked to other case law for guidance, relying principally on two Ninth Circuit cases, Dyniewicz v. United States, and Jerves v. United States.

In Dyniewicz, the appellants filed a claim with the Department of Interior for the wrongful death of their parents. Id. An agent of the Department of Interior mailed the appellants a certified letter stating that because the claim was not presented within two years of accrual of the claim, the appellants were barred from raising their claim pursuant to 28 U.S.C. § 2401(b). Id. The letter quoted § 2401(b) in its entirety, but did not state that the notice was a final denial of the appellants' claim. Id. Six months and three days after the mailing of the letter, the appellants filed a lawsuit alleging a violation of the FTCA. Id. The district court held that the appellants' claim was time-barred by the six month limitations period. Id. at 487. On review, the Ninth Circuit affirmed the decision of the district court because the two-year period had run, but held that the district court erred in determining that the letter sent to the appellants was a notice of final denial of their claim. Id. The court explained that § 14.9 "requires the claimant be informed that the six month period runs from the date of mailing of the particular notice. This provides the claimant with a clear landmark that the claim has been denied and that the six month clock has begun to run." Id. at 486. Because the Department of Interior did not include language from § 14.9, nor did it state that the notice was a final denial, the notice did not alert the appellants that it was a final denial of their claim. Id.

Eight years later the Ninth Circuit held that a Government settlement offer did not begin the six month limitations period because the offer did not comply with § 14.9. See Jerves v. United States, 966 F.2d 517 (9th Cir. 1992). In Jerves, a woman fell and broke her

4

leg at the Pearl Harbor Naval Base Commissary, and filed a claim with the Naval Legal Service Office ("NLSO"). Id. at 518. The NLSO sent Jerves a certified letter offering to settle the claim and less than one month later, Jerves filed a suit in district court. Id. at 519. The district court dismissed her suit for lack of subject matter jurisdiction because she filed before receiving the NLSO's final denial of her claim. Id. The Ninth Circuit affirmed, holding that the Government letter did not comply with § 14.9 and was thus not a final denial of Jerves' claim because the letter did not state that the NLSO had reached a final conclusion regarding Jerves' claim, did not state that she could file a lawsuit in district court if she was dissatisfied with the offer, nor did the letter convey a take-it-or-leave-it position. Id. at 519-20.

Here, the Government's letter states that the Wycoffs filed a request for reconsideration, that the letter was a response to the request for reconsideration, and that upon further review the Government approved the Wycoffs' claim for a certain amount. See Doc. 12-1. These portions of the letter are clear and unambiguous. The letter goes on to state:

> Please be advised that your signature on the *Voucher for Payment* and your acceptance of payment shall be final and conclusive on your client, you, your client's agent, legal representative, and any other persons on whose behalf or for whose benefit the claim has been presented, and shall constitute a complete release of any claim against the United States, the Smithsonian Institution, and/or any employee whose act or omission may have given rise to the claim by reason of the same subject matter.
>
> If you believe this decision to be in error, then pursuant to 28 U.S.C. § 2401(b) and 28 C.F.R. § 14.9(b), you may file suit in a court of appropriate jurisdiction 'within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the

5

agency to which it was presented.'

Id.

The highlighted portion of the letter is ambiguous.  Though the letter informs the Wycoffs that they should file their claim in the district court within six months of receiving "notice of final denial of [their] claim," nowhere does it state that this letter is the "notice" from which the limitations period will run.  While one might surmise that the letter is attempting to say that the Wycoffs should either accept the Government's offer or file suit within six months, the letter does not actually say that.  Like the letters in Dyniewicz and Jerves, the letter at issue does not provide the Wycoffs with a sufficiently "clear landmark" that it is a notice of a final determination, that the Wycoffs claim has been denied, and that the "six month clock has begun to run."  See Dyniewicz, 742 F.2d at 486.

That the letter makes specific reference to § 14.9(b) is insufficient.  A reference to § 14.9 informs a claimant what actions to take upon receiving a final notice of disposition.  Yet, a notice of final disposition should be of the "take-it-or-leave-it variety."  See Jerves, 966 F.2d at 520. The letter mentions § 14.9(b), but never states that the six month period begins to run from the date of the mailing of this particular letter as required by § 14.9. See Dyniewicz, 742 F.2d at 486.

Additionally, although the Court is aware of at least two cases in which a court found that an offer of settlement was deemed a final denial for purposes of § 2401(b), see Davis v. United States, 921 F.2d 279, Case No. 89-56156, 1990 WL 212732 (9th Cir. Dec. 19, 1990); Heimila v. United States, 548 F.Supp. 350 (E.D.N.Y. 1982), in both of those cases the government agency informed the plaintiff that if the plaintiff chose to reject the agency's

6

offer of settlement the plaintiff must consider the claim denied.  <u>Davis</u>, 1990 WL 212732 at

*2, <u>Heimila</u>, 548 F.Supp. at 351.  No such provision is included in the letter at issue.

Consequently, as the letter did not provide the Wycoffs with a clear notice of the options

before them (as it easily could have done), the letter is not a sufficient notice of final denial

under the FTCA and did not trigger the commencement of the six-month statute of limitations

period.

Where to go from here?  According to their Complaint, the Wycoffs bring this action

because they have yet to receive a final determination of their claim and therefore their claim

is "deemed denied for purposes of the notice requirements."  Doc. 1 at ¶ 9.  Under § 14.9(b)

the Wycoffs may choose to exercise their rights under 28 U.S.C. § 2765(a) which provides

that "failure of an agency to make a final disposition of a claim within six months after it is

filed shall, at the option of a claimant at any time thereafter, be deemed a final denial of the

claim for purposes of this section."  28 U.S.C. § 2675(a) (2011).

The Eleventh Circuit has yet to address the issue of when a claim filed under the

"deemed denied" provision of § 2765(a) is considered timely.  However, other appellate

courts have addressed it, finding that the FTCA contains no time limit for the filing of an

action when an administrative claim has been deemed denied under § 2765(a).  <u>See</u>

<u>Lehman v. United States</u>, 154 F.3d 1010, 1014, 1015 (9th Cir. 1998); <u>Pascale v. United</u>

<u>States</u>, 998 F.2d 186, 192, 193 (3rd Cir. 1993); <u>McCallister v. United States</u>, 925 F.2d 841,

843 (5th Cir. 1991)(per curiam); <u>Taumby v. United States</u>, 919 F.2d 69, 70 (8th Cir. 1990);

<u>Conn v. United States</u>, 867 F.2d 916, 920 -921 (6th Cir. 1989); <u>but</u> <u>see</u> <u>Miller v. United</u>

<u>States</u>, 741 F.2d 148, 150-151 (7th Cir. 1984)(noting that the plaintiff must exercise her

7

option under § 2765(a) after a "reasonable" time).  The Court finds the reasoning of these cases persuasive.  The Wycoffs timely filed their request for reconsideration on January 7,2009, and the Court has found that the letter dated April 5, 2010 was not a final denial of their claim; thus they have not yet received a final denial.  At the time the Wycoffs filed this suit, more than six months had passed since they had filed their request for reconsideration. Therefore, the Wycoffs' claim is "deemed denied" pursuant to § 2765(a) and they have timely filed suit in this Court.

Accordingly it is hereby

**ORDERED**:

1.  Defendant United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 10) is **DENIED.**

2.  The Defendant shall file its answer to Plaintiff Wycoffs' Complaint (Doc. 1) no later than February 21, 2012.

3.  No later than February 21, 2012 the parties should file their case management report.

**DONE AND ORDERED** at Jacksonville, Florida this 27th day of January, 2012.

TIMOTHY J. CORRIGAN
United States District Judge

8

ah&kh.

Copies:
counsel of record
CMR